# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALWIN SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA SUBSTANCE ABUSE TREATMENT FACILITY , et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:06-cv-01124-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT GRANNIS<br><br>(Doc. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.  Findings and Recommendations Following Screening of Amended Complaint

  A.  Screening Requirement

Plaintiff Alwin Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 24, 2006. On March 6, 2007, the court screened plaintiff's complaint, and ordered plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable medical care claim against defendant Nguyen. Plaintiff filed an amended complaint on March 15, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Plaintiff's Eighth Amendment Medical Care Claims

Plaintiff is an inmate housed at the California Substance Abuse Treatment Facility and State Prison (CSATF) in Corcoran, where the events at issue in this action allegedly occurred. The defendants named in this action are N. Grannis, P. McGuinness, G. Martinez, and K. Nguyen. Plaintiff is seeking money damages and injunctive relief. The claim in this action arises from the medical treatment plaintiff is being provided with for his back pain and Clonus.

///

///

        1.     <u>Defendant Nguyen</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689 (9th Cir. 2006) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff's claim involves his medical care and therefore falls within the purview of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004)

1  (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official
2  does not act in a deliberately indifferent manner unless the official "knows of and disregards an
3  excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate
4  indifference may be manifested "when prison officials deny, delay or intentionally interfere with
5  medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin
6  v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.
7  Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in
8  receiving medical treatment, the delay must have led to further harm in order for the prisoner to
9  make a claim of deliberate  indifference to serious medical needs.  McGuckin, 974 F.2d at 1060
10 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

11         Plaintiff alleges that on July 6, 2005, he underwent surgery for cervical spine decompression
12 that had rendered him immobile.  Plaintiff alleges that he continues to suffer from Clonus, which
13 causes him to fall at times, and he now suffers from Clonus on his right side and severe back pain.
14 Plaintiff alleges he has not seen a neurologist for the follow-up appointment and has not been
15 provided with physical therapy other than for a brief two-week period of time.

16         Plaintiff alleges he saw defendant Dr. Nguyen in January of 2006, and was told by Nguyen
17 that he was alright and did not need to see a neurologist.  Defendant agreed to put plaintiff down for
18 a routine follow-up.  Plaintiff alleges his situation is past the point of routine and that he told Nguyen
19 about his symptoms and his pain, but he received no treatment per defendant Nguyen's findings.
20 Plaintiff alleges he may have another spinal decompression in his lower back.

21         Although the court is mindful that a disagreement with the course of treatment being
22 prescribed for his back problems does not support a claim for relief under section 1983, Franklin v.
23 Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), the court finds that under notice pleading standards,
24 plaintiff's allegations are sufficient to give rise to a claim for relief against defendant Nguyen for
25 failing to provide plaintiff with any treatment for his severe back pain and Clonus.  Fed. R. Civ. P.
26 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).
27 ///
28 ///

2.      Defendants McGuinness, Martinez, and Grannis

Defendants McGuinness, Martinez, and Grannis were involved in reviewing and denying plaintiff's inmate appeal relating to his medical care. To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Generally, actions in reviewing prisoner's inmate appeal cannot serve as the basis for liability under section 1983. Buckley, 997 F.2d at 495.

In this instance, plaintiff alleges that defendant Martinez is a Correctional Health Service Administrator and defendant McGuinness is the Chief Medical Officer at the institution. Plaintiff alleges that both defendants were placed on notice regarding his ongoing medical care issues, but failed to take action. Plaintiff's allegations are sufficient to give rise to an inference that based on their positions and location at the prison, defendants could have intervened in the alleged denial of medical care but failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Accordingly, in light of federal notice pleading standards, plaintiff's allegations are sufficient to state a claim under section 1983 against defendants Martinez and Martinez. Fed. R. Civ. P. 8(a); Erickson, 127 S.Ct. at 2200.

However, defendant Grannis is the Chief of the Inmate Appeals Branch in Sacramento. Defendant is neither a medical care professional nor located at the institutional level. Plaintiff alleges that defendant Grannis "promulgated and implemented a policy that was deficient and in itself a repudiation of plaintiff's constitutional rights, and is the moving force of the violation, because, 1. under the color of law, N. Grannis decision exhausts the administrative remedy available to plaintiff within CDCR . . . ." (Doc. 12, pg. 6.) Plaintiff has alleged no specific facts and there are

5

no facts giving rise to an inference that defendant Grannis was responsible for the promulgation or implementation of any policy concerning medical care which led to the denial of medical treatment for plaintiff at the institution. Defendant's decision to deny plaintiff's appeal, made in the context of an administrative review of plaintiff's appeal at CDCR headquarters in Sacramento, is insufficient to support a claim that Grannis was involved in the alleged deprivation of adequate medical care at CSATF. The court recommends dismissal of plaintiff's Eighth Amendment claim against defendant Grannis, with prejudice.

C. Conclusion

Plaintiff's amended complaint states a claim under section 1983 against defendants Nguyen, Martinez, and McGuinness for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment. However, plaintiff's amended complaint does not state a claim for relief against defendant Grannis. Plaintiff was previously given leave to amend this claim to cure the deficiencies and was unable to do so, and the court finds that deficiencies are not amenable to further correction. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the court HEREBY RECOMMENDS that:

1. This action proceed on plaintiff's amended complaint, filed March 15, 2007, against defendants Nguyen, Martinez, and McGuinness for acting with deliberate indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment; and

2. Plaintiff's Eighth Amendment claim against defendant Grannis be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 18, 2007**               **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE