IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alwin Smith,<br><br>            Plaintiff,<br><br>vs.<br><br>California Substance Abuse Treatment Facility, et al.,<br><br>            Defendants. | No. 1:06-CV-1124--NVW<br><br>**ORDER** |

Plaintiff Alwin Smith ("Mr. Smith") brought suit against multiple defendants alleging that he received inadequate medical care while incarcerated. (Doc. # 1.) After screening, the complaint was amended and the Plaintiff was allowed to proceed against Defendants K. Nguyen, M.D., P. McGuinness, M.D., and G. Martinez with claims that each of the Defendants acted with deliberate indifference to Mr. Smith's serious medical needs in violation of the Eighth Amendment. (Docs. # 12, 15.) Plaintiff has moved to compel discovery (doc. # 34), and Defendants have moved for summary judgment (doc. # 33). The Plaintiff's motion will be denied, and the Defendants' motion will be granted.

**I.    Motion to Compel Discovery**

At the outset, the Court must address Mr. Smith's Motion to Compel Discovery. Mr. Smith served fourteen interrogatories on the Defendants, and each Defendant served a response. The responses included document production, substantive responses, and

objections. The Defendants contend that they provided sufficient answers to the interrogatories and limited their objections to areas where Mr. Smith sought privileged information, information beyond their personal knowledge, and information not reasonably calculated to lead to relevant evidence. This court agrees.

Mr. Smith's Eighth Amendment claim requires him to prove that he experienced a serious medical need and that the defendant exercised deliberate indifference in denying the proper medical care. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To the extent that Mr. Smith's interrogatories seek information not relevant to his medical condition or the state of mind of Defendants, the Defendants' objections are well taken. Naturally, the Defendants were also not obliged to answer questions beyond their personal knowledge and questions seeking privileged information. It was also proper for the Defendants to provide documents in response to the interrogatories under Fed. R. Civ. P. 33(d). Taking the objections into account, the Defendants' responses were sufficient. For these reasons, the Motion to Compel Discovery will be denied. While Plaintiff's motion lacks substantial justification, Defendant's request for award of attorney fees under Rule 37(a)(5)(B) will be denied in the court's discretion because of the futility of collecting an award. However, the lack of substantial justification for the motion will be considered if the court is called upon to determine whether to allow Plaintiff continued *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B).

**II.     Motion for Summary Judgment**

**A.     Factual Background**

According to the undisputed evidence, Dr. Nguyen rendered treatment to Mr. Smith between May 2004 and January 2006. After several examinations and an MRI were performed, the doctor identified the herniated disc condition that was causing Mr. Smith's discomfort and referred Mr. Smith for surgery. Surgery took place on July 6, 2004. The following year, Mr. Smith underwent a course of physical therapy until the physical therapist discontinued the regimen.

Mr. Smith brought an administrative appeal seeking more physical therapy and a follow-up evaluation by a neurologist. As part of this appeal, Mr. Smith returned to Dr. Nguyen in January 2006. He reported weakness and muscle spasms which he characterized as "clonus." He told Dr. Nguyen that he continued to exercise by walking three miles, walking up and down stairs, and performing 300 push-ups three to four days per week. In light of these statements and a physical examination, Dr. Nguyen concluded that there was no urgent condition requiring emergency treatment, and that more physical therapy was unlikely to improve Mr. Smith's motor function. Nonetheless, the appeal was granted in part: The request for physical therapy was denied, but a follow-up neurological evaluation was ordered. Dr. Nguyen also ordered that Mr. Smith be given a bottom bunk until he could be examined by a neurologist. Six months later, a neurologist examined Mr. Smith and diagnosed no ailment.

### B.    Summary Judgment Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). On summary judgment, the moving party bears the initial responsibility of presenting the basis for its motion, and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate that the fact in contention is material and that the dispute is genuine. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.     Analysis**

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." *Id.*  This showing requires a "purposeful act or failure to respond to a prisoner's pain or possible medical need" and "harm caused by the indifference."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown when an official denies, delays, or intentionally interferes with treatment or by the way that a medical professional provided the care. *Id.* A prisoner need not show his harm was substantial; however, such a showing would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).   A prisoner does not have to prove that he was completely denied medical care in order to demonstrate deliberate indifference,  *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000), but if the harm is an "isolated exception" to the defendant's "overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference." *McGuckin*, 974 F.2d at 1060.

Mr. Smith claims that the Defendants denied him follow-up neurological treatment and physical therapy, but he has not produced sufficient facts to justify an inference of any Eighth Amendment violation here.  Mr. Smith does not dispute the facts presented by Defendants, which of themselves preclude a finding of deliberate indifference.  Dr. Nguyen had pursued a course of conscientious and consistent treatment. Before denying Mr. Smith's request for further physical therapy, he examined Mr. Smith and found no serious medical condition.  He considered Mr. Smith's reports of performing strenuous physical exercise.  Dr. Nguyen nonetheless granted the request for a follow-up examination by a neurologist. When that examination occurred in June 2006, the neurologist did not gainsay Dr. Nguyen's findings.  Thus, there is little relevance to

1  the fact that in mid-to-late 2007, another neurologist diagnosed Mr. Smith with mild
2  spasticity and cervical myelopathy.  Dr. Nguyen's actions in January 2006 do not support
3  a claim that he both knew of and disregarded an excessive risk to an inmate's health at
4  that time.  *Farmer*, 511 U.S. at 837.

5         Because Dr. Nguyen did not display deliberate indifference toward Mr. Smith,
6  there is no merit to Mr. Smith's derivative claims against Dr. McGuinness (who reviewed
7  Mr. Smith's administrative appeal) or Ms. Martinez (a non-physician who supervised the
8  administrative appeal process).  Mr. Smith's failure to controvert any of the facts
9  presented by the Defendants deprives this case of any reasonable basis for further
10 prosecution.

11        The Defendants' motion for summary judgment will therefore be granted.  Indeed,
12 Plaintiff has not responded to most of Defendants' factual contentions or their statement
13 of facts.  Plaintiff's summary affidavit does not place any material fact in dispute.  It is
14 apparent that, whether or not this action had any good faith basis at the outset, it has
15 ceased to have any good faith basis by this time.

16        IT IS THEREFORE ORDERED that Plaintiff's motion to compel discovery (doc.
17 # 34) is denied.

18        IT IS FURTHER ORDERED that Defendants' motion for summary judgment
19 (doc. # 33) is granted.

20        IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants
21 against Plaintiff and that Plaintiff take nothing.  The Clerk shall terminate this action.

22        DATED this 9th day of January, 2009.

                                               Neil V. Wake
                                       United States District Judge